**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| LUIS ALBINO, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>THE HOME DEPOT,<br><br>        Defendant. | Civil Action No. 20-2626 (FLW) (ZNQ)<br><br>**MEMORANDUM OPINION & ORDER** |

This matter comes before the Court upon Plaintiffs Luis Albino ("Albino"), Lisa Ferrer ("Ferrer"), Erika Roman ("Roman"), Britany Carmona ("Carmona"), Ismael Linares ("Linares"), and Franklin Moreno's ("Moreno") (collectively, "Plaintiffs") Motion for Leave to File a First Amended Complaint and to Remand this Case to the Superior Court of New Jersey (the "Motion"). (ECF No. 7.) Defendant Home Depot U.S.A., Inc.[1] ("Home Depot") opposed (ECF No. 10), and Plaintiffs replied (ECF No. 11). The Court has carefully considered the arguments and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth herein, Plaintiffs' Motion is granted in part and denied in part. Plaintiffs are granted leave to add new factual allegations and join John and Jane Doe Defendants; Plaintiffs are denied leave to join Corey Lilliston ("Lilliston") and Marlena Kramer ("Kramer"). Further, the portion of Plaintiffs' Motion seeking remand is denied as moot.

---

[1] Home Depot U.S.A., Inc., was incorrectly identified as "The Home Depot."

I.      BACKGROUND

On February 21, 2020, Plaintiffs brought this action in New Jersey Superior Court, alleging that each Plaintiff—each of whom are of Hispanic ancestry and speak English and Spanish—were directed by various managers and supervisory employees at Home Depot Store #0907 not to speak Spanish in the store. (Pls.' Compl. ¶¶ 8–10, Ex. A to Notice of Removal, ECF No. 1.) Plaintiffs further allege that they "have been subject to derision and ostracization by co-employees for speaking Spanish in the store[,] and derision, ostracization and hostile treatment by employees and supervisors for raising concerns under the law regarding their right to be able to speak the native language of their heritage." (*Id.* ¶ 11.)

More specifically, Plaintiffs allege that two non-Hispanic employees with whom Albino had some tension told former Assistant Store Manager Kramer that they saw Albino and Moreno speaking Spanish together. (*Id.* ¶¶ 17–18.) Plaintiffs claim Kramer was friendly with the two reporting employees. (*Id.* ¶ 17.) According to Plaintiffs, Kramer called Albino into a meeting and instructed him not to speak Spanish in the store because customers would assume he was talking about them. (*Id.* ¶¶ 19–20.) Before and after the meeting, Plaintiffs claim the two employees who reported Albino berated him in front of customers. (*Id.* ¶ 21.) Plaintiffs assert "[i]t is apparent that Kramer's instruction to Albino not to speak Spanish, as well as the harassment Albino experienced, were motivated by Albino's ethnicity and, particularly, his speaking of Spanish." (*Id.* ¶ 25.) One of the employees who reported Albino was later promoted to Department Head at the Home Depot which employs Kramer's husband. (*Id.* ¶ 26.)

With respect to Ferrer, Plaintiffs allege she was "told more than once by Lisa Jackson, a front-end supervisor, not to speak Spanish because 'customers would become offended.'" (*Id.* ¶ 29.) Plaintiffs highlight that "at points when Ferrer was speaking Spanish, another employee would loudly instruct her to 'stop speaking that Italian or whatever it is.'" (*Id.* ¶ 30.) They claim

2

Ferrer witnessed other derogatory comments about employees speaking Spanish made by an employee named Claudette, and that Ferrer suffered hostile treatment for which there was no corrective action. (*Id.* ¶¶ 31–32.)

On one occasion when Roman was speaking Spanish with Carmona, Plaintiffs claim Kramer told them that they could not speak Spanish in the store. (*Id.* ¶ 36.) Further, they allege, during lunch when Roman was speaking Spanish with another coworker, an unidentified employee said "Why are you speaking Spanish? You should not be speaking Spanish at work." (*Id.* ¶ 39.) When Roman spoke Spanish to a Spanish-speaking customer, Claudette complained to another coworker named George. (*Id.* ¶ 41.) After George was terminated, Plaintiffs allege Roman's supervisor said George was terminated because of "stupid comments . . . from people that can barely speak English." (*Id.* ¶ 43.) On another occasion, Plaintiffs allege, Linares was speaking in Spanish with Roman, and "Jackson stopped him and told him not to speak Spanish in front of customers and that . . . he should be more 'considerate' if customers are around." (*Id.* ¶ 50.)

Finally, Plaintiffs allege that, during a walkthrough while Moreno was away, District Manager Lilliston, instructed an assistant store manager to read Moreno's notes out loud to six other supervisors. (*Id.* ¶¶ 57, 60.) English is Moreno's second language, and when the assistant manager read Moreno's notes, correcting for any spelling and grammar mistakes, Plaintiffs claim Lilliston instructed him to read Moreno's notes "exactly as written." (*Id.* ¶¶ 59, 61–62.)

In their four-count Complaint, Plaintiffs assert claims for: (1) race and ancestry discrimination in violation of New Jersey's Law Against Discrimination ("LAD"), N.J. Stat. Ann. 10:5-1, *et seq.*, (*id.* ¶¶ 74–75); (2) retaliation for raising concerns regarding Plaintiffs' right to speak Spanish in violation of LAD, N.J. Stat. Ann. 10:5-12d, (*id.* ¶¶ 82–83); (3) racial harassment

in violation of LAD, (*id.* ¶¶ 89–92); and (4) retaliatory harassment in violation of LAD, (*id.* ¶¶ 95–97).

On March 11, 2020, Home Depot removed Plaintiffs' action pursuant to 28 U.S.C. §§ 1332(a)(1), 1441(b). (Notice of Removal ¶ 13, ECF No. 1.) Plaintiffs are all citizens of New Jersey, whereas Home Depot is a citizen of both Delaware (its place of incorporation) and Georgia (its principal place of business). (*Id.* ¶ 14.) Plaintiffs now move to amend their Complaint and join Kramer and Lilliston, both citizens of New Jersey, as defendants, and for the Court to remand this action to the New Jersey Superior Court. (Moving Br. 1, ECF No. 7-1.) The Plaintiffs seek to add Kramer and Lilliston to each count for aiding and abetting the alleged discrimination, harassment, and retaliation against them. (Redlined Proposed Am. Compl. ¶¶ 96, 104, 117, 124, ECF No. 7-4.) They also seek to add factual allegations that, on March 10, 2020, Moreno was wrongfully accused of allowing a customer to leave the store without paying for an item and was terminated by Home Depot. (*Id.* ¶¶ 72–88.)

## II.     PARTIES' POSITIONS

Plaintiffs argue the Court should grant their Motion because there has been no undue delay, no bad faith or dilatory motive, and Plaintiffs only seek to add allegations occurring after the filing of the Complaint and defendants who were already identified in the Complaint. (Moving Br. 2.) Plaintiffs explain that Kramer and Lilliston aided and abetted the hostile treatment of Plaintiffs by other Home Depot employees, and that they may be held liable. (*Id.* at 3 (citing N.J. Stat. Ann. § 10:5-12(e); *Tarr v. Ciasulli*, 181 N.J. 70, 84 (2004)).) Specifically, Plaintiffs contend Kramer knowingly and substantially assisted the two other employees who allegedly mistreated Moreno by calling a meeting and reprimanding him, and that her demand for Moreno not to speak Spanish indicated a hostile frame of mind. (*Id.* at 5.) They also allege Lilliston aided and abetted the hostile treatment of Moreno by attempting to mock him and shame his imperfect English grammar by

4

instructing another employee to read Moreno's notes exactly as written. (*Id.* at 6.) Because joinder of Kramer and Lilliston—who share citizenship with Plaintiffs—would destroy diversity jurisdiction, Plaintiffs ask the Court to remand the case to the Superior Court of New Jersey in accord with 28 U.S.C. § 1447(e). (*Id.* at 7.)

Home Depot does not oppose Plaintiffs' proposed amendments related to Moreno's March 17, 2020, termination, but it does oppose the joinder of Kramer and Lilliston. (Opp'n 1 & n.1.) Home Depot highlights that Plaintiffs identified Kramer and Lilliston by name in their Complaint and add no new factual allegations with respect to either. (*Id.* at 2–3.) Home Depot argues the factors outlined in *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987), weigh in favor of denying amendment. (*Id.* at 3.) Fully cognizant of their identity and involvement, Home Depot contends, Plaintiffs chose to name Home Depot as the sole defendant and even represented to the New Jersey Superior Court in their Civil Case Information Statement that they had no intention of joining additional defendants. (*Id.*) Home Depot argues the timing of Plaintiffs' Motion—coming only after Home Depot's removal—and the fact that the allegations against Kramer and Lilliston are identical as in the original complaint demonstrate a motivation to defeat jurisdiction. (*Id.* at 5–6.) Home Depot submits this Court routinely rejects post-removal efforts to add individual defendants in similar circumstances where joinder is merely a ploy to destroy jurisdiction. (*Id.* at 6–9 (discussing *BrainBuilders, LLC v. Optum, Inc.*, No. 18-638, 2019 WL 2618112 (D.N.J. Feb. 4, 2019); *Milko v. Int'l Flavors & Fragrances, Inc.*, No. 15-8291, 2016 WL 8709998 (D.N.J. July 29, 2016); *Parson v. Home Depot USA, Inc.*, No. 13-4817, 2013 WL 6587316 (D.N.J. Dec. 13, 2013); *Salamone v. Carter's Retail, Inc.*, No. 09-5856, 2010 WL 762192 (D.N.J. Mar. 5, 2010)).) Filing within the time allotted by Federal Rule of Civil Procedure ("Rule") 15, Home Deport contends, does not render the Motion timely because they were aware of Kramer and Lilliston's

alleged misconduct before the filing of their Complaint. (*Id.* at 10–11 (discussing *Milko*, 2016 WL 8709998, at \*6).) Further, Home Depot argues, there is no prejudice to Plaintiffs because they can still file their claims against Kramer and Lilliston in state court. (*Id.* at 11–12 (citing *BrainBuilders*, 2019 WL 2618112, at \*5; *Fuller v. Insys Therapeutics, Inc.*, No. 17-7877, 2018 WL 2717236, at \*5 (D.N.J. June 5, 2018); *Arevalo v. Brighton Gardens, Sunrise Senior Living, LLC*, No. 15-2563, 2016 WL 4975199, at \*4 (D.N.J. Sept. 16, 2016)).) Lastly, Home Depot asserts it has a legitimate interest in not being forced to litigate in state court. (*Id.* at 12.)

Plaintiffs argue the Court should allow joinder under Rule 20(a)(2) because the relief sought against the proposed individual defendants arises out of the same series of occurrences and because the questions of law and fact are common to all defendants. (Pls.' Reply 4–5.) Plaintiffs contend that a fraudulent joinder analysis is only appropriate where there is no colorable basis for a claim and, here, LAD recognizes claims against Kramer, Lilliston, and John and Jane Does 1– 10. (*Id.* at 5–6 (citing *Mersmann v. Cont'l Airlines*, 335 F. Supp. 2d 544, 556 (D.N.J. 2004)).) Plaintiffs also argue the *Hensgens* factors weigh in favor of allowing amendment. (*Id.* at 13.) They claim their motivation for joining the additional defendants came after Moreno was terminated and falsely accused of stealing, and after examining the potential liability of the individuals. (*Id.* at 7.) They submit the Court should not ascribe an improper purpose to amendment without specific evidence, and assert their decision to bring claims against the individual defendants was a strategic decision resulting from continuing misconduct. (*Id.* at 7–9 (citing *BrainBuilders*, 2019 WL 2618112, at \*5, \*7; *City of Perth Amboy v. Safeco Ins. Co. of Am.*, 539 F. Supp. 2d 742, 754 (D.N.J. 2008)).)

Here, Plaintiffs state that they seek to add John and Jane Does in addition to Kramer and Lilliston based on the unexpected post-Complaint false accusation and termination of Moreno.

(*Id.*) Plaintiffs add that they have not been dilatory because this is a new case where no discovery has taken place and Home Depot has not filed an answer. (*Id.* at 10.) Amendment a month after the filing of the Complaint would cause no prejudice to Home Depot, nor would being required to litigate in state court. (*Id.*) Further, Plaintiffs claim being forced to maintain two separate actions will cause them both economic prejudice due to the added costs of litigating in two forums and risks conflicting rulings. (*Id.* at 11.) Lastly, Plaintiffs assert the interests of judicial economy favor a single state action and submit that there is no federal interest in this case because the issues arise totally under New Jersey law and involve conduct that occurred in New Jersey. (*Id.* at 12.)

## III.    DISCUSSION

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). "Although motions to amend are liberally granted under Rule 15(a) and Rule 20, a court must scrutinize motions to amend more carefully where a plaintiff seeks to join a non-diverse party, and as a result, deprive a federal court of subject matter jurisdiction." *Perth Amboy*, 539 F. Supp. 2d at 746. In scrutinizing such motions, this Court has adopted the Fifth Circuit's factor-based inquiry outlined in *Hensgens*, 833 F.2d at 1182. *Id.* The Court considers:

> (1) whether the purpose of the plaintiff's motion is to defeat diversity jurisdiction; (2) whether the plaintiff was dilatory in seeking to amend his complaint; (3) whether the plaintiff will be prejudiced if the motion is not granted; and (4) any other equitable factors.

*Id.* The *Hensgens* factors are flexible, equitable factors. *Id.*

First, the Court must assess "the extent to which defeating Defendant's choice in the federal forum was the purpose of Plaintiff[s'] decision to add the non-diverse party, *i.e.* plaintiff[s'] motive." *Id.* "The Court's scrutiny of motive must focus on the specific facts and circumstances in

7

this case," and "[t]he parties' actions during the period between the filing of the complaint and the motion to amend is an appropriate matter for consideration by the Court." *Id.* at 746–47. Ordinarily, the Court will conclude the primary purpose of joinder is not to defeat jurisdiction if the proposed claim is viable and there is a genuine intent to prosecute. *BrainBuilders, LLC*, 2019 WL 2618112, at \*4. But if "a plaintiff knows of a defendant's activities but chooses not to include him, courts will deny the late attempt to join, viewing the late addition as 'nothing more than an attempt to destroy diversity.'" *Id.* (quoting *Parson v. Home Depot USA, Inc.*, 2013 U.S. Dist. LEXIS 175185, at \*7 (D.N.J. Dec. 13, 2013)). As an illustration, in *Sussman v. Capital One, N.A.*, this Court found the first *Hensgens* factor strongly weighed against joinder where the plaintiff knew of the individual defendants and their conduct when he filed the original complaint, indicated in his Case Information Statement that he did not anticipate adding any parties arising out of the same transaction or occurrence, and sought amendment four days after removal. No. 14-01945, 2014 WL 5437079, at \*4 (D.N.J. Oct. 24, 2014). Although Plaintiffs add allegations of Moreno's post-Complaint termination, they include no new allegations related to the individual defendants they seek to join. (Redlined Proposed Am. Compl. ¶¶ 72–88.) Plaintiffs' original allegations were particularized as to Kramer and Lilliston's conduct, yet—less than a month and a half before filing the instant Motion—Plaintiffs chose not to name them individually. In the Case Information Statement, Plaintiffs affirmed they did not anticipate adding additional parties arising from the same transaction or occurrence. (Civil Case Information Statement, Ex. A to Notice of Removal, ECF No. 1.) The only allegations Plaintiffs wish to add relate to Moreno's termination, which appear on their face to be wholly unrelated to Kramer and Lilliston. Plaintiffs do not contend Kramer or Lilliston were in any way involved in Moreno's termination or alleged false accusation. (*See* Moving Br. 8; Redlined Proposed Am. Compl. ¶¶ 72–88.)

With no explanation as to why Plaintiffs waited until removal to add these individual defendants, no new allegations as to Kramer and Lilliston, and the timing of Plaintiffs' Motion, the Court concludes Plaintiffs' primary motive is to defeat jurisdiction. Plaintiffs' inclusion of John and Jane Does does not change the Court's analysis. Plaintiffs have identified another supervisor, Lisa Jackson, by name, but do not seek to add her as a defendant. The Court finds Plaintiffs' addition of John and Jane Does a ploy to conceal their motive of destroying jurisdiction, rather than a sincere effort to assert viable claims. The Court finds the first *Hensgens* factor strongly weighs against permitting joinder.

Second, the Court considers the amount of time between the Complaint and the Motion to determine whether the Plaintiffs have been dilatory in seeking amendment. *Perth Amboy*, 539 F. Supp. 2d at 748. "Dilatory conduct under this factor takes into consideration the length of time as well as the nature of the delay." *Id.* In *Milko*, the Court noted that, "[w]hile [the] [p]laintiff moved to amend fourteen days after the case was removed, [the] [p]laintiff did so nearly two months after filing the original Complaint[,] and only after the case was removed to this Court in conjunction with his motion to remand." 2016 WL 8709998, at \*7. The Court found, "[g]iven that [the] [p]laintiff [did] not provide any credible explanation for his inability to identify the John Doe defendants sooner, . . . [the] [p]laintiff was dilatory in moving to amend." *Id.* Plaintiffs' Motion comes only nineteen days after removal, and less than forty days after the filing of the Complaint in state court. Nevertheless, Plaintiffs proffer no reason why they waited to add Kramer and Lilliston. Again, the only factual allegations Plaintiffs seek to add to their Complaint relate to Moreno's post-filing termination, but Plaintiffs do not allege Kramer or Lilliston were involved in the alleged false accusation of Moreno and his subsequent termination. (*See* Moving Br. 8;

9

Redlined Proposed Am. Compl. ¶¶ 72–88.) The Court finds Plaintiffs were dilatory in seeking amendment and that this factor weighs against permitting joiner.

Finally, turning to the last two factors—the risk of prejudice to the Plaintiffs and other equitable factors—Plaintiffs argue being forced to maintain two separate actions will cause them both economic prejudice due to the added costs of litigating in two forums and risk conflicting rulings. (Pls.' Reply 11.) They also argue the interests of judicial economy favor a single state action. (*Id.* at 12.) Had Plaintiffs' evinced a genuine intent to pursue their claims against the individual defendants, the Court would agree that those circumstances weigh in favor of amendment and remand. The Court, however, must balance each of the factors, and the Plaintiffs' motive informs the weight the Court attributes to those circumstances. Finding joinder is primarily motivated by an intent to destroy jurisdiction, the Court finds the weight of the other circumstances significantly tempered. Additionally, the Court notes that Plaintiffs may pursue their claims in state court. *Sussman*, 2014 WL 5437079, at *5. Thus, the Court finds factors three and four moderately weigh in favor of joinder.

On balance, the Court finds the *Hensgens* factors weigh against permitting joiner. Accordingly, the Court will deny the addition of Kramer and Lilliston. The Court, however, will permit Plaintiffs to amend their Complaint to add the allegations related to Moreno's termination and John and Jane Does as defendants.

## IV.    CONCLUSION AND ORDER

For the reasons stated above, and other good cause shown,

**IT IS** on this 3rd day of June, 2020 **ORDERED** that:

1.  Plaintiffs' Motion (ECF No. 7) is **GRANTED**, in part, and **DENIED**, in part.

2.  Plaintiffs may file an Amended Complaint within seven (7) days of the entry of this

    Order, adding their proposed factual allegations and John and Jane Does as defendants.

3.  Plaintiffs may not join Corey Lilliston and Marlena Kramer as individual defendants.

4.  As for the portion of Plaintiffs' Motion seeking remand, because the Court denies joinder of the two individual defendants whose addition would destroy diversity jurisdiction, the Court **DENIES** that portion of the Motion as moot.

s/ Zahid N. Quraishi

**ZAHID N. QURAISHI**
**UNITED STATES MAGISTRATE JUDGE**