UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LUIS ALBINO, *et al.*,

        Plaintiffs,

v.

THE HOME DEPOT,

        Defendant.

Civil Action No. 20-2626 (FLW)(ZNQ)

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon Plaintiffs Luis Albino ("Albino"), Lisa Ferrer (Ferrer), Erika Roman ("Roman"), Brittany Carmona ("Carmona"), Ismael Linares ("Linares"), and Franklin Moreno's ("Moreno") (collectively, "Plaintiffs") Motion for Leave to File a Second Amended Complaint (the "Motion"). (Mot., ECF No. 26.) Defendant Home Depot U.S.A. ("Home Depot") opposed, (Def.'s Opp'n, ECF No. 31), and Plaintiff replied, (Pls.' Reply, ECF No. 33). The Court has carefully considered the arguments and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth herein, Plaintiffs' Motion is granted in part and denied in part. Plaintiffs are granted leave to join Michael Nanartowicz ("Nanartowicz"), Allison Tucci ("Tucci"), and Jennifer Fuller ("Fuller"); Plaintiffs are denied leave to add Count V for sexual orientation discrimination.

**I.    BACKGROUND**

This action stems from Plaintiffs' employment at Home Depot Store No. 907 in West Long Branch, New Jersey. Plaintiffs commenced this action against Home Depot on February 21, 2020 in the Superior Court of New Jersey, Law Division, Monmouth County. (Pls.' Compl., Ex. A to Notice of Removal, ECF No. 1.) Plaintiffs are of Hispanic ancestry and speak English and Spanish.

(*Id.*) Plaintiffs allege that they were: (i) discriminated against on the basis of their race and ancestry in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, et seq. ("NJLAD"); (ii) subject to retaliation in violation of the NJLAD; (iii) harassed because of their race in violation of NJLAD; and (iv) harassed in retaliation for speaking Spanish. (*Id.*)

On March 10, 2020, Moreno was subject to an investigation and placed on administrative leave. (Proposed Second Amend. Compl. ¶ 77, Ex. C, ECF No. 26-2.) The next day, on March 11, 2020, Home Depot removed this matter to the United States District Court for the District of New Jersey on the basis of diversity jurisdiction. (Notice of Removal, ECF No. 1.) On March 17, 2020, Moreno's employment with Home Depot was terminated. (Proposed Second Amend. Compl. ¶ 93.) On March 30, 2020, Plaintiffs filed their first motion to amend the complaint. (ECF No. 7.) Specifically, Plaintiffs sought leave to join two additional defendants, to add Doe defendants who were involved in the termination of Moreno, and to add allegations relating to Home Depot's accusations against Moreno, which led to him being placed on administrative leave and ultimately terminated. (*See id.*) Plaintiffs also sought to have the case remanded to the New Jersey Superior Court pursuant to 28 U.S.C. 1447(e). (*Id.*) The Court granted Plaintiffs' Motion in part and denied it in part, granting Plaintiffs leave to add the Doe defendants and claims relating to Moreno's termination, but denying leave to add the two individual defendants because the primary purpose of adding the two individual defendants was to defeat diversity jurisdiction. (June 3, 2020 Memorandum Op., ECF No. 12.) Plaintiffs' request to remand the case was denied as moot. (*Id.*)

In the instant Motion, Plaintiffs seek leave to: (1) add Count V for sexual orientation discrimination in violation of the NJLAD and (2) to join Nanartowicz, the multi-store asset protection manager, Tucci, the store manager, and Fuller, the district human resources manager, as individual defendants. (Moving Br. at 3; *see* Proposed Amend. Compl.)

2

## II.     LEGAL STANDARD

Rule 15(a)(2) authorizes a party to amend its pleadings "only with the opposing party's written consent or the court's leave." Rule 15(a)(2) further instructs that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Though within the discretion of the Court,

> [i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

Although delay alone does not justify denying a motion to amend, "[a] motion for leave to amend a pleading should be denied when the delay is undue." *Cureton v. Nat'l Collegiate Athletic Ass'n,* 252 F.3d 267, 273 (3d Cir. 2001). Delay becomes undue "when a movant has had previous opportunities to amend a complaint." *USX Corp. v. Barnhart*, 395 F.3d 161, 167-68 (3d Cir. 2004) (citing *Cureton*, 252 F.3d at 273). In determining whether a motion to amend should be denied due to undue delay, courts focus on "the plaintiffs' motives for not amending their complaint to assert [the proposed claim] earlier." *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984). Courts also consider "whether new information came to light or was available earlier to the moving party." *Ford Motor Co. v. Edgewood Properties, Inc.*, 2011 WL 1599609, at *3 (D.N.J. Apr. 27, 2011) (citing *In re Adams Golfing Securities Litigation,* 381 F.3d 267, 280 (3d Cir.2004)). Undue prejudice exists where the non-moving party is "unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the [moving party] been timely." *Heyl & Patterson International, Inc. v. F.D. Rich Housing, Inc.*, 663 F.2d 419, 426 (D.N.J. 1981).

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Although motions to amend are liberally granted under Rule 15(a) and Rule 20, a court must scrutinize motions to amend more carefully where a plaintiff seeks to join a non-diverse party, and as a result, deprive a federal court of subject matter jurisdiction." *Perth Amboy* v. *v. Safeco Ins. Co. of Am.*, 539 F. Supp. 2d 742, 746 (D.N.J. 2008). In considering such motions, this Court follows the four factors set forth in the Fifth Circuit case *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). Specifically, the Court considers:

> (1) whether the purpose of the plaintiff's motion is to defeat diversity jurisdiction; (2) whether the plaintiff was dilatory in seeking to amend his complaint; (3) whether the plaintiff will be prejudiced if the motion is not granted; and (4) any other equitable factors.

*Id.*

### III. DISCUSSION

Plaintiffs seek leave to file a second amended complaint to add a claim of sexual orientation discrimination in violation of the NJLAD and to join individual defendants Nanartowicz, Tucci, and Fuller. The Court now considers the relevant factors to determine whether leave to amend should be granted.

#### a. Addition of the Sexual Orientation Discrimination Claim

First, the Court turns to Plaintiffs' request to add Count V for sexual orientation discrimination in violation of the NJLAD. (Moving Br. at 3; *see* Proposed Amend. Compl.) Specifically, Plaintiffs contend that former Home Depot employees, Amber Zabe ("Zabe") and Taylor DeSantis ("DeSantis"), continually discriminated against and harassed Albino because of his sexual orientation until Zabe's "recent transfer." (Moving Br. at 3, 5.) Plaintiffs argue that the addition of this claim will not result in any undue prejudice. (*Id*. at 4.)

In its opposition, Home Depot argues that Plaintiffs' request to add a claim for sexual orientation discrimination should be denied due to undue delay and undue prejudice. (Def.'s Opp'n at 7, 9.) Home Depot contends that there is undue delay here because Zabe was transferred from Store No. 907 on February 25, 2019, one year before Plaintiffs filed their initial complaint, and DeSantis' employment was terminated on July 25, 2019, several months before Plaintiffs filed their initial complaint. (*Id*. at 7.) Therefore, Home Depot argues that because the alleged sexual orientation discrimination took place before Plaintiffs filed their original complaint on February 21, 2020, Plaintiffs should not be granted leave to assert the sexual orientation discrimination claim as this proposed claim is not based on new information that came to light after this action was filed. (*Id*.) Moreover, Home Depot argues that there is undue prejudice because "the parties have engaged in extensive fact discovery relating to Plaintiffs' allegations of national origin/race discrimination for nearly six months" and they have "exchanged extensive written discovery requests and responses to written discovery, and are now proceeding towards depositions." (*Id*. at 9.) Home Depot further argues that if Plaintiffs are granted leave to assert this new claim, "Home Depot would be required to invest the time and resources of conducting another round of investigation to locate witnesses to refute [Albino's] new allegations." (*Id.* at 10.)

Plaintiffs reply that Home Depot will not suffer undue prejudice if the sexual orientation discrimination claim is added because "[t]he relief available under a sexual orientation discrimination claim is the same as that which is already pled in the [first amended complaint] and does not expose Home Depot to any unforeseen or additional damages or liability." (Pl.'s Reply at 2.) Plaintiffs further argue that discovery has not ended, and depositions have not begun. (*Id*. at 3.)

Undue prejudice exists where the non-moving party is "unfairly disadvantaged or deprived

of the opportunity to present facts or evidence which it would have offered had the [moving party] been timely." *Heyl & Patterson International, Inc. v. F.D. Rich Housing, Inc.*, 663 F.2d 419, 426 (D.N.J. 1981). Courts in the Third Circuit also consider whether "allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories." *Cureton,* 252 F.3d at 273. However, as discovery is still ongoing and depositions have not been taken as of yet, the Court does not find that the proposed amendment would result in any significant additional discovery or preparation that would amount to undue prejudice.

"A motion for leave to amend a pleading should be denied when the delay is undue." *Cureton,* 252 F.3d at 273. In determining whether a motion to amend should be denied because of undue delay, courts focus on the plaintiff's reasoning for not asserting the proposed claims earlier. *Adams*, 739 F.2d at 868. Courts also consider "whether new information came to light or was available earlier to the moving party." *Ford Motor Co.*, 2011 WL 1599609 at *3. Here, Plaintiffs allege that Zabe and DeSantis harassed and discriminated against Albino because of his sexual orientation until Zabe's "recent transfer." (Moving Br. at 3.) Zabe's transfer from Store No. 907 occurred on February 25, 2019. Notably, Plaintiffs filed the initial complaint and commenced this action one year later, on February 21, 2020. (Def.'s Opp'n at 7.) Additionally, DeSantis' employment was terminated in July 2019, several months before Plaintiffs filed the initial complaint. However, Plaintiffs failed to include this sexual orientation discrimination in its initial complaint, despite the fact that the alleged harassment and discrimination allegedly occurred one year prior to the commencement of this action. Surprisingly, Plaintiffs have not provided an explanation as to why they did not assert this sexual orientation discrimination claim in its original complaint or even in its first amended complaint. Accordingly, the Court finds that allowing Plaintiff to add this sexual orientation discrimination claim will amount to undue delay.

Although the Court does not find that the addition of the sexual orientation discrimination claim would cause undue prejudice, Plaintiffs' delay in seeking to add said claim is undue and Plaintiffs have provided no reasoning for such delay. Thus, the Court denies Plaintiffs' request to amend the complaint to add Count V for sexual orientation discrimination. *See Heyl & Patterson International, Inc.*, 663 F.2d at 426 ("In the absence of substantial or undue prejudice, denial must be grounded in bad faith or dilatory motives, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment.").

### b. Addition of Nanartowicz, Tucci, and Fuller

Plaintiffs argue that they should be granted leave to add Nanartowicz, Tucci, and Fuller as individual defendants to Moreno's wrongful termination claim because they "were instrumental parties in the decision to terminate Moreno from store #0907." (Moving Br. at 5.) Plaintiffs allege that Moreno was interrogated by Nanartowicz on March 10, 2020, which led to Tucci and Fuller's decision to terminate Moreno. (*Id*.) Plaintiffs allege that "the decision to terminate [Moreno] was in retaliation for Moreno asserting his rights under the NJLAD by making complaints regarding same to Defendant management, and ultimately, filing this lawsuit." (*Id.*)

Home Depot responds that Plaintiffs' move to join Nanartowicz, Tucci, and Fuller "is another attempt by Plaintiffs to destroy diversity jurisdiction." (Def.'s Opp'n at 12.) Home Depot further argues that the *Hensgens* factors warrant a denial of Plaintiffs' motion to amend. (*Id*. at 17.)

Plaintiffs argue that they are requesting to add these individuals as defendants at this juncture because Plaintiffs were unsure of the specific individuals involved in Moreno's termination and they allegedly did not have sufficient information to name individual defendants until they received and reviewed Home Depot's responses to discovery requests that were provided

7

on October 26, 2020. (Pls.' Reply at 4-5.) Plaintiffs contend that they used fictitious defendants in the previously amended complaint for this exact reason. (*Id*.) Plaintiffs further argue that because they do not know the residences of Nanartowicz, Tucci, or Fuller at this time, it is possible that diversity jurisdiction will not be destroyed. (*Id*. at 3-4.) Nonetheless, Plaintiffs argue that the *Hensgens* factors actually weigh in favor of granting the amendment. (*Id*. at 3.)

As a preliminary matter, Home Depot makes the argument that Plaintiffs' primary purpose in adding Nanartowicz, Tucci, and Fuller as defendants is to destroy diversity jurisdiction and remand the case back to state court (Def.'s Opp'n at 12.). However, Plaintiffs have not moved for remand. In fact, Plaintiffs state that they are "unaware of the proposed new Defendants['] residences." (Pls.' Reply at 6.) Home Depot has not provided or cited to any information in the record to establish that the addition of these individuals will destroy diversity jurisdiction. Thus, because the Court does not know whether the addition of the said individuals will destroy diversity jurisdiction, an analysis of the *Hensgens* factors is improper at this juncture. The Court will not *sua sponte* remand the case for lack of diversity without actual knowledge of the proposed defendants' respective residences. Thus, the Court will consider whether Plaintiffs should be granted leave to add the proposed individual defendants in accordance with Rule 15.

Home Depot will not suffer from undue delay. Home Depot argues that Moreno has been aware of Nanartowicz's name as early as March 10, 2020, when Nanartowicz introduced himself to Moreno, and no later than July 7, 2020, when Home Depot identified Nanartowicz as the Multi-Store Asset Protection Manager who conducted the investigation that led to Moreno's termination. (Def.'s Opp'n at 13.) Home Depot further argues that Tucci was present on March 10, 2020 when Moreno left his meeting with Nanartowicz and that Tucci informed Moreno that he was being placed on administrative leave pending the outcome of the investigation, and later informed

8

Moreno that his employment was terminated on March 17, 2020. (*Id*. at 14.) Home Depot also argues that Moreno identified Tucci and Fuller by name in his Rule 26 Initial Disclosure Statement served on June 25, 2020. (*Id*.)

Plaintiffs initiated this action in the Superior Court of New Jersey on February 21, 2020. (Notice of Removal, Ex. A.) On March 10, 2020, Moreno was subject to an investigation and placed on administrative leave. (Moving Br. at 5.) On March 11, 2020, Home Depot removed this matter to this Court on the basis of diversity jurisdiction. (Notice of Removal, ECF No. 1.) After the case was removed, Moreno's employment at Home Depot was terminated on March 17, 2020. (Proposed Second Amend. Compl. ¶ 93.) In their first amended complaint, Plaintiffs added Doe defendants so that upon receipt of more information, they would be able to name the individuals responsible for the alleged retaliatory termination of Moreno. (*See* Pl.'s Reply at 5.) Plaintiffs allege that after the filing of the first amended complaint, on July 7, 2020, Home Depot identified Nanartowicz and Tucci as people who "may have knowledge." (*Id*.) Home Depot later provided responses to discovery requests on October 26, 2020, which allowed Plaintiffs to learn of Nanartowicz, Fuller, and Tucci's involvement in Moreno's termination. (*Id*. at 5-6.) The Court allowed Plaintiffs to file a motion to amend by November 30, 2020. Although Home Depot argues that Moreno knew of the individuals involved in his termination at an earlier point in this litigation, Plaintiffs allege that they did not know who exactly was primarily involved in the decision to terminate Moreno until they received the discovery responses from Home Depot. Accordingly, the Court does not find undue delay exits here.

Next, the Court does not find that the addition of the proposed individual defendants would cause any undue prejudice. Home Depot has identified Nanartowicz, Tucci, and Fuller in its discovery responses and is aware of their respective involvement in Moreno's termination.

Additionally, the addition of the proposed individual defendants is not futile. Thus, the Court will allow Plaintiffs to add Nanartowicz, Tucci, and Fuller as defendants.

### IV.   CONCLUSION AND ORDER

For the reasons stated above, and for other good cause shown,

**IT IS** on this 2nd day of April, 2021 **ORDERED** that:

1. Plaintiffs' motion to amend (ECF No. 26) is **GRANTED IN PART AND DENIED IN PART**;

2. Plaintiffs' request to add Nanartowicz, Tucci, and Fuller as individual defendants is **GRANTED**; and

3. Plaintiffs' request to add Count V for sexual orientation discrimination is **DENIED**.

4. Plaintiffs shall file their amended complaint within seven (7) days of the entry of this order.

               s/ Zahid N. Quraishi
              **ZAHID N. QURAISHI**
              **UNITED STATES MAGISTRATE JUDGE**